**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CALVIN BERNARD BANKS,**  ) | |
|     **ID #1307903**  ) | |
|         **Petitioner,**  ) | |
| **vs.**  ) | **No. 3:10-CV-1341-O (BH)** |
|   ) | **ECF** |
| **RICK THALER,[1] Director,**  ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal**  ) | |
| **Justice, Correctional Institutions Division,**  ) | |
|         **Respondent.**  ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and an Order of the Court, this case has been automatically referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, naming David L. Hudson, trustee, as respondent.

On February 4, 2005, after having pled not guilty, petitioner was convicted by a jury of capital murder in Cause No. F03-01801, and he was sentenced to life imprisonment. (Petition (Pet.) at 3-4)  Petitioner appealed his conviction and sentence.  The Fifth District Court of Appeals affirmed petitioner's conviction in an unpublished opinion on May 4, 2006. *Banks v. State*, No. 05-05-00423-CR, 2006 WL 1194774 (Tex. App. – Dallas, 2006, pet. ref'd).  Petitioner filed a petition

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of petitioner.  Because petitioner challenges a conviction that has resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him.  TDCJ-CID Director Rick Thaler is therefore substituted as respondent in this case.

for discretionary review, which was refused on September 13, 2006 (PD-0805-06). He did not file a petition for discretionary review with the Supreme Court.

On August 17, 2007, petitioner filed his state application for writ of habeas corpus (*See* www.dallascounty.org, search petitioner's criminal history, Cause No. W03-01801-A). On October 8, 2008, the Court of Criminal Appeals denied the application without a written order based on the findings of the trial court without an evidentiary hearing. *See Ex parte Banks*, WR-70,519-01 (Tex. Crim. App. Oct. 8, 2008). Petitioner mailed his federal petition on July 1, 2010. (Pet. at 13).

## II. NATURE OF SUIT

Petitioner filed this action on the form for filing habeas actions under 28 U.S.C. § 2241. He is in fact challenging his 2005 Dallas County conviction, however, and challenges to convictions are governed by 28 U.S.C. § 2254. In addition, § 2241(c) provides that habeas relief is not available to a prisoner unless

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment, or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted . . .; or
>
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c). Only the third paragraph appears to apply in this case. If petitioner "is in custody in violation of the Constitution or laws or treaties of the United States" for purposes of § 2241(c)(3), he is also in custody for purposes of § 2254. Because "a more specific provision

2

controls a more general provision," *see Carmona v. Andrews*, 357 F.3d 535, 538 (5th Cir. 2004), this actions falls under the more specific provision of § 2254 and is therefore construed as arising under that section.

### III. STATUTE OF LIMITATIONS

**A. <u>Antiterrorism and Effective Death Penalty Act of 1996</u>**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any petition for writ of certiorari with the United States Supreme Court after his PDR was refused by the Court of Criminal Appeals. His state conviction became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review. *See Roberts v.*

3

*Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13. Petitioner's PDR was refused on September 13, 2006, so his state conviction became final ninety days later, on December 12, 2006.

Petitioner has not alleged a state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (D), the facts supporting petitioner's claims became known or could have become known prior to the date petitioner's state judgment of conviction became final. Because petitioner filed his petition more than one year after his conviction became final on December 12, 2006, a literal application of § 2244(d)(1) renders his July 1, 2010, filing[2] untimely.

## B. Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year limitations period was therefore tolled while petitioner's state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

F.Supp.2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). When petitioner filed his state petition on August 17, 2007, 248 days had elapsed since his conviction became final on December 12, 2006. The filing of his state petition tolled the statute of limitations until the Texas Court of Criminal Appeals denied the writ on October 8, 2008. The AEDPA clock began to run again on October 9, 2008, and the time remaining in petitioner's one-year time period for filing a federal petition expired on February 3, 2009, 117 days later and well before petitioner filed his federal petition on July 1, 2010. The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, __ S.Ct. __, 2010 WL 2346549 (U.S. June 14, 2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). The Supreme Court has recently stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, slip op. at 12, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting

5

*Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, petitioner presented no argument or evidence that he was prevented from filing his federal petition earlier. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

## IV. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 12th day of July, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE